THE PEOPLE, *ex rel.* Hammond, *vs.* COVELL, late sheriff of Tioga.

A creditor, desirous to acquire the title of the original purchaser of lands sold under execution, must deliver to the sheriff, among other documents, *an affidavit of the sum due* on the judgment or decree under which he claims to redeem ; the sheriff has no power to dispense with any of the requirements of the statute, and in a case where he did dispense with the production of such affidavit, and executed a deed to the redeeming creditor, a *mandamus* was awarded, directing him to execute a deed to the original purchaser.

MOTION for *mandamus.* On the 21st February, 1835, the sheriff, by virtue of an execution, sold all the right and interest of one Vanderin [599] in a farm of 115 acres, to the relator for $300. A certificate was made pursuant to the statute, stating that the purchaser would be entitled to a deed on the 21st May, 1836. On the 27th March, 1835, Solomon Beard recovered a judgment against Vanderin before a justice of the peace for $26 damages and 72 cents costs, which was docketed on the 30th day of the same month in the office of the clerk of Tioga. On the 20th of May, 1836, Beard called on the sheriff and presented a transcript of his judgment, and made the necessary payment for the purpose of acquiring the right of the first purchaser but he did not present to nor leave with the sheriff *any affidavit in relation to the sum due on the judgment.* On the 28th June the relator demanded a deed, but the sheriff refused to give it, on the ground that Beard was entitled to a convey ance as a redeeming creditor, and a deed to Beard has since been executed

Gilbert v. Corbin.

The relator now moves for a *mandamus* to the sheriff, requiring him to execute a deed.

*By the Court*, BRONSON, J.  A creditor who wishes to acquire the title of the original purchaser, must present to and leave with such purchaser, or the officer who made the sale, certain evidence of his right; and, among other things, a copy of the docket of the judgment or decree under which he claims to redeem, and " an affidavit by such creditor, or his attorney or agent, of the true sum due on such judgment or decree at the time of claiming such right to purchase." (2 *R. S.* 373, § 60.)  The affidavit was required for the double purpose of proving that the party is in truth a creditor and has a right to make the application, and to enable any other creditor who has a right to purchase from him to ascertain how much he is required to pay.  The sheriff acted under a special authority conferred on him by the statute, and he had no power to dispense with any of its requirements.  If the application of Beard had been made to the relator, he might perhaps have waived the necessity of producing an affidavit, or any other evidence of the right to acquire his title.  Had he consented to relinquish his title on any other terms than those prescribed by law, he would not [600] afterwards be permitted to question the validity of the transaction.  But the sheriff had no authority other than that with which he had been clothed by the statute; and without a substantial compliance with its provisions, he could neither confer, nor could Beard acquire, any right against the relator.  (*Dickenson* v. *Gilleland*, 1 *Cowen*, 481.)  Motion granted.